IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL   7 2005

DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| FAVIAN RAMOS | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv167 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Favian Ramos, an inmate confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

1

Movant asserts that while his appeal was being considered, and after it was denied he contacted his attorney through letters written in Spanish on numerous occasions expressing his desire to "proceed to the next level" only to receive a negative response or no response at all.

After careful consideration, the court concludes Movant's objections should be overruled. The one-year limitations provision contained in the AEDPA "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (citation and internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation marks omitted).

Here, Movant has presented no more than a garden variety claim of excusable neglect. Movant has failed to demonstrate that exceptional circumstances prevented him from filing his motion within the statutory period of limitations. Additionally, Movant

has failed to show that he was misled concerning the cause of action. *Pro se* status does not excuse an untimely filed federal habeas petition. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Further, Movant did not diligently pursue his claims. As a result, the petition is barred by the statute of limitations.

O R D E R

Accordingly, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this ___7___ day of ___July___, 2005.

PAUL BROWN
UNITED STATES DISTRICT JUDGE

3